[2011RO1286/SLM]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 12-*cr-592* |
| | : | |
| IVAN STANTCHEV | : | 18 U.S.C. §§ 1030(a)(2)(B) & |
| | : | (C) and (c)(2)(A), |
| | : | 18 U.S.C. § 2 |

### I N F O R M A T I O N

The United States Attorney for the District of New Jersey charges:

1.  At all times relevant to this Information:

a.  Defendant IVAN STANTCHEV was a Special Agent of the Federal Bureau of Investigation (the "FBI").  Anton Nonchev ("Nonchev") was a close friend of IVAN STANTCHEV, who resided in Virginia.  Defendant STANTCHEV'S employment was known to Nonchev.

b.  FBI Form FD-889 – titled "FBI Information Technology ('IT') and Information Systems ('IS') Rules of Behavior for General Users Agreement Form" – set forth the acceptable and unacceptable use of FBI Information Technology and Information Systems ("FBI IT/IS") on FBI computers, which are protected computers, as defined in Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(e)(2).

c.  On an annual basis, including years 2010 and 2011, defendant STANTCHEV reviewed and acknowledged the Rules of

Behavior set forth in FBI Form FD-889.  Specifically, defendant STANTCHEV acknowledged that he:

      i.  would disseminate any FBI non-public information only to persons who have a verified authorization to access the information and appropriate security clearance;

      ii.  would not [r]emove sensitive/classified media (paper or electronic) from controlled areas/facilities (i.e., taking classified media home) without authorization; and

      iii.  would not use FBI IT/IS or FBI non-public information for personal benefit, profit, to benefit other persons or for any illegal activity.

      2.  In or about June 2011, defendant STANTCHEV was asked by Nonchev to obtain confidential, non-public information.  Specifically, defendant STANTCHEV received four telephone numbers from Nonchev and was asked to obtain information relating to the telephone numbers and any individuals associated with those numbers.

      3.  In or about June 2011, defendant STANTCHEV asked an FBI colleague ("Individual 1") located in the New York Metro area to obtain confidential, non-public information from FBI IT/IS relating to the four telephone numbers that were provided to defendant STANTCHEV by Nonchev.  The information that defendant STANTCHEV requested was information from a department

2

or agency of the United States, as defined in Title 18, United States Code, Sections 1030(a)(2)(B) and 1030(e)(7).

4.    On or about June 29, 2011, in Queens, New York, based on defendant STANTCHEV'S request to Individual 1, an FBI analyst accessed a protected computer, and provided Individual 1 with an electronic document detailing confidential, non-public information from certain FBI databases.  Included among the information provided was: the existence of an ongoing FBI investigation in Newark, New Jersey; the federal offenses being investigated in Newark; the related FBI case number; the name of the FBI's operation; and notations confirming the existence of an undercover law enforcement operation in Newark.

5.    On or about June 30, 2011, Individual 1 sent this confidential, non-public information, including the information regarding the Newark investigation, through the FBI's email system to defendant STANTCHEV in Virginia.  Other individuals in New Jersey obtained this confidential, non-public FBI IT/IS information, which had been provided by defendant STANTCHEV to Nonchev, from Nonchev.

6.    In or about June 2011, in the District of New Jersey and elsewhere, defendant

IVAN STANTCHEV

aided, abetted, counseled, commanded, induced and procured commission of an offense, and willfully caused an act to be done which if directly performed by him would be an offense against the United States, namely, exceeding the authorized access of defendant STANTCHEV to a computer, that is an FBI computer, and thereby obtaining information from a department and agency of the United States, that is the FBI, and information from a protected computer, that is an FBI computer.

In violation of Title 18, United States Code, Sections 1030(a)(2)(B) & (C) and (c)(2)(A), and Title 18, United States Code, Section 2.

_____
PAUL J. FISHMAN
United States Attorney

4

CASE NUMBER: 2011R01286

12-cv-592(FSH)

# United States District Court

## District of New Jersey

UNITED STATES OF AMERICA

v.

IVAN STANTCHEV

# INFORMATION FOR

18 U.S.C. §§ 1030(a)(2)(B) & (C) and (c)(2)(A),

18 U.S.C. § 2

**PAUL J. FISHMAN**

*U.S. ATTORNEY NEWARK, NEW JERSEY*

SANDRA L. MOSER
*ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2729*